This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT,**

 Plaintiff-Appellant,

v.               **NO. 30,096**

**MARIA CLOUTIER and ROBERT CLOUTIER,**

 Defendants-Appellees.

**IN THE MATTER OF THE PROTEST OF
MARIA CLOUTIER and ROBERT CLOUTIER.**

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT
Monica Ontiveros, Hearing Officer**

Gary K. King, Attorney General
Carolyn A. Wolf, Special Assistant Attorney General
Santa Fe, NM

for Appellant

Maria and Robert Cloutier
Albuquerque, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**Garcia, Judge.**

The Taxation and Revenue Department (Department) appeals from the order of its hearing officer concerning penalties due by Maria and Robert Cloutier (Taxpayers) in connection with gross receipt taxes for the tax years 2005 and 2006. We reverse.

Prior to January 1, 2008, NMSA 1978, Section 7-1-69(A) (2003) (amended 2007) provided that a penalty of two percent per month or any fraction of a month would be added to the amount of an assessment if a taxpayer failed to file a tax return or to pay taxes when due because of negligence of disregard of Department rules or regulations, but without intent to evade or defeat a tax. The statute then provided a maximum penalty of ten percent. Section 7-1-69(A)(1) (2003). In 2007, the Legislature amended Section 7-1-69 to increase the maximum penalty to twenty percent effective January 1, 2008. 2007 N.M. Laws, ch. 45, §§ 4, 16; NMSA 1978, § 7-1-69(A) (2007).

On November 3, 2008, the Department issued two assessments to Taxpayers for gross receipt taxes due in 2005 and 2006, including interest and a twenty percent penalty. Taxpayers protested the assessments. The hearing officer denied the protest, but reduced the penalty to ten percent based upon the application of the 2007 amendment to Section 7-1-69.

The Department appealed the hearing officer's order and filed its brief in chief on April 15, 2010. After Taxpayer did not file an answer brief, the Court notified Taxpayer by order on September 9, 2010, that the case would be submitted to a panel for decision based on the brief in chief.

The Court has addressed the same issue raised in this appeal in *GEA Integrated Cooling Technology v. New Mexico Taxation and Revenue Department*, 2011-NMCA-__, __ N.M. __, __ P.3d __ (No. 30,790, Dec. 8, 2011), in which we considered the briefs of the parties and conducted oral argument. In *GEA Integrated Cooling Technology*, we held that the date of the assessment under Section 7-1-69 determines the maximum penalty that the Department is to apply. *GEA Integrated Cooling Technology*, 2011-NMCA__, ¶ 10. In that case, the department issued an assessment in 2009 for gross receipts taxes due in 2006 and 2007. *Id.* ¶ 2. Thus, we held that the 2007 amendment and the twenty percent maximum penalty applied to the assessment. *Id.* ¶ 15. Based on *GEA Integrated Cooling Technology*, we reach the same result in this case.

**CONCLUSION**

We partially reverse the decision of the hearing officer regarding the assessments for the tax years 2005 and 2006 to the extent that they imposed the ten percent maximum penalty. The 2007 amendment to Section 7-1-69 was in effect at the time the

3

Department issued its assessment on November 3, 2008, and the Department correctly imposed a twenty percent maximum penalty for the assessments made for the 2005 and 2006 tax years.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**